Chad LANDRUM, Petitioner—Appellant,

v.

Tom L. CAREY, Warden, Respondent—Appellee.

No. 03–55537.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Oct. 22, 2004.

Stephen M. Lathrop, Esq., Lathrop & Villa, Torrance, CA, Chad Landrum, Tehachapi, CA, for Petitioner-Appellant.

Noah P. Hill, Esq., Attorney General, Los Angeles, CA, for Respondent-Appellee.

Before: THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Chad Landrum, a prisoner in the state of California, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Central District of California. The district court denied the petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Landrum contends that his rights under the Confrontation Clause were violated by the state trial court's admission of accomplice Lester Monllor's statements implicating both himself and Landrum in the murder of Richard Daley. The California Court of Appeal concluded on direct appeal that the circumstances surrounding Monllor's statements provided the particular-

ized guarantees of trustworthiness necessary to satisfy the Confrontation Clause's "residual trustworthiness test," as articulated in *Lilly v. Virginia,* 527 U.S. 116, 138, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). The district court did not err in concluding that the California Court of Appeal's determination was not contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The facts of the present case are similar to those in *United States v. Boone,* 229 F.3d 1231 (9th Cir.2000), and the California Court of Appeal's decision is consistent with our opinion in that case. The Supreme Court's recent opinion in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004), has no application to this case because Monllor's statements were not "of the kind with which *Crawford* was concerned, namely, testimonial hearsay statements." *Leavitt v. Arave,* 371 F.3d 663, 683 n. 22 (2004).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.